UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ROBERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. SINGH, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-2302 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff filed a document entitled, "Plaintiff Clarence Roberson now targeted retaliation by CSP-SAC [California State Prison, Sacramento] for filing a suit on Stockton CHCF [California Health Care Facility] mental health facility."  (ECF No. 19.)   Plaintiff claims that since his transfer to CSP-SAC, his property and incoming mail have been taken, and he's been issued an allegedly false rules violation report.  Plaintiff seeks an emergency transfer and payment of $5,000 in compensatory damages for stress.  The undersigned construes plaintiff's filing as a motion for injunctive relief.

　　　　The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief

hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Here, plaintiff's claims regarding prison staff at CSP-SAC are unrelated to the claims on which this action is proceeding, i.e., plaintiff's claims that on August 31, 2014, while he was housed at CHCF, defendants Singh and Cotter used excessive force on plaintiff, and the remaining named defendants failed to take steps to prevent or stop them. Because the grounds of

2

plaintiff's request for injunctive relief are unrelated to the merits of the instant action, the court is unable to address plaintiff's motion for injunctive relief because such claims will not be heard on the merits in the instant action. Moreover, plaintiff seeks injunctive relief against individuals who are not named as defendants herein.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's motion (ECF No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 28, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robe2302.pi