1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE ROBERSON,                        No.  2:14-cv-2302 WBS KJN P

12              Plaintiff,

13        v.                                    ORDER

14   SGT. SINGH, et al.,

15              Defendants.

16

17        Plaintiff proceeds, in forma pauperis and without counsel, in this civil rights action filed

18   pursuant to 42 U.S.C. § 1983.  On August 7, 2015, plaintiff filed a request for another settlement

19   conference.  A settlement conference was held on June 30, 2015.  Counsel for defendants had

20   asked to continue the settlement conference so that she could review plaintiff's medical records,

21   but the request was denied as plaintiff was already being transported.  The case did not settle.

22   Plaintiff now indicates a desire for further settlement negotiations.  In light of plaintiff's recent

23   settlement demand (ECF No. 39), it may be appropriate to have a further settlement conference.

24        Accordingly, within fourteen days, counsel for defendants shall inform the court whether

25   a further settlement conference would be appropriate.

26        Plaintiff also requests that the court appoint counsel.  District courts lack authority to

27   require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States

28   Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

1

1   attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,

2   935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

3   1990).  When determining whether "exceptional circumstances" exist, the court must consider

4   plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

5   claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

6   965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

7   The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

8   common to most prisoners, such as lack of legal education and limited law library access, do not

9   establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

10          Having considered the factors under Palmer, the court finds that plaintiff has failed to

11  meet his burden of demonstrating exceptional circumstances warranting the appointment of

12  counsel at this time.

13          Accordingly, IT IS HEREBY ORDERED that:

14          1.  Within fourteen days from the date of this order, counsel for defendants shall inform

15  the court whether a further settlement conference is appropriate.

16          2.  Plaintiff's motion for the appointment of counsel (ECF No. 40) is denied without

17  prejudice.

18  Dated:  August 18, 2015

19

20                                                      _____
                                                        KENDALL J. NEWMAN
21                                                      UNITED STATES MAGISTRATE JUDGE

22  robe2302.31kjn

23

24

25

26

27

28