1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ROBERSON, | No. 2:14-cv-2302 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| SGT. SINGH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel. In this action brought under 42 U.S.C. § 1983, plaintiff claims that on August 31, 2014, while he was housed at the California Health Care Facility, defendants Singh and Cotter used excessive force on plaintiff, and the remaining defendants failed to take steps to prevent or stop them. Plaintiff requests that the court appoint counsel. Plaintiff states that he suffers from depression, hearing voices, and has poor impulse control, and is being evaluated for suicidal ideation. On October 20, 2015, the undersigned held a further settlement conference with both parties, but the case did not settle.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The undersigned has reviewed the record and considered the factors under Palmer, and finds that plaintiff has not met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 47) is denied without prejudice.

Dated: October 22, 2015

robe2302.31.kjn(3)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2