UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE ROBERSON,<br><br>       Plaintiff,<br><br>   v.<br><br>SGT. SINGH, et al.,<br><br>       Defendants. | No.  2:14-cv-2302 WBS KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding without counsel.  Defendants' motion for summary judgment was filed on November 19, 2015.  Pursuant to an order granting plaintiff's requests for extension of time, plaintiff's opposition is due on or before January 28, 2016.  However, on December 3, 2015, plaintiff filed a request to deny the motion for summary judgment based on an inaccurate warning regarding the requirements for opposing a summary judgment motion pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  Plaintiff points out that the Rand warning provided by defendants advises "Plaintiff Jose Luis Segura," rather than plaintiff Clarence Roberson, and includes the wrong inmate identification number.  Plaintiff states that he "cannot and will not respond to a motion that is not directed adequately to him." (ECF No. 63 at 1.)

      Review of the briefing on defendants' motion reflects that defendants' Rand warning states:

1

1  TO CLARENCE ROBERSON (G-43936), PLAINTIFF PRO SE:

Plaintiff Jose Luis Segura is advised to read the following warning, which is a verbatim copy of the model warning from <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). (ECF No. 58-2 at 1.)  Plaintiff's inmate identification number is K-37334.

However, the purpose of the <u>Rand</u> notice is to provide plaintiff with "fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012).  The <u>Rand</u> warning provided by defendants did contain a typographical error, in that it bears the name and inmate identification number of another inmate.  However, the notice also bears the proper case caption and plaintiff's name, and provides plaintiff with the admonitions required under <u>Rand</u>.  Moreover, it is clear from plaintiff's December 3, 2015 request that plaintiff received the <u>Rand</u> warning.  Furthermore, on November 18, 2014, plaintiff was provided the warning required under <u>Rand</u>, in addition to a separate <u>Rand</u> notice.  (ECF No. 10.)  Thus, plaintiff's claim that he has not received a proper <u>Rand</u> notice is unavailing.  But in an abundance of caution, the <u>Rand</u> warning is appended to this order.  See <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1224 (9th Cir. 2007) (district court has discretion to allow parties to address clerical errors before additional substantive issues are raised).

Plaintiff is cautioned that if he chooses not to file an opposition to defendants' motion for summary judgment, such failure "may be deemed a waiver of any opposition to the granting of the motion . . . ." Local Rule 230(l), and shall result in a recommendation that the action be dismissed.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to deny summary judgment based on typographical errors in the <u>Rand</u> warning is denied; and

2. Plaintiff's opposition to the motion for summary judgment is due on or before January 28, 2016.  Defendants' reply, if any, shall be filed seven days thereafter.

Dated: December 11, 2015

robe2302.rand

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).